## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SHANTA FAVORS,

                             Case No. 2:25-cv-12767

       Plaintiff,

V.

DELTA AIR LINES, INC.,
ENDEAVOR AIR, INC., and
PROSPECT AIRPORT SERVICES,
INC.,

       Defendants.

_____

## DEFENDANTS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants DELTA AIR LINES, INC., ENDEAVOR AIR, INC. and PROSPECT AIRPORT SERVICES, INC. ("Defendants"), by and through their attorneys, Brooks Wilkins Sharkey & Turco, and pursuant to 28 U.S.C. §§ 1332 and 1441, as well as E.D. Mich. LR 81.1, hereby removes the state court action entitled *Shanta Favors v Delta Air Lines, Inc., Endeavor Air, Inc. and Prospect Airport Services, Inc.*, Case No. 25-007816-NO, (the "State Court Action") from the Circuit Court for the County of Wayne, Michigan, to the United States District Court for the Eastern District of Michigan, Southern Division.

## I.   INTRODUCTION AND BACKGROUND

Plaintiff Shanta Favors filed her complaint against Defendants Delta Air Lines, Inc., Endeavor Air, Inc., and Prospect Airport Services, Inc., in the State Court Action on May 22, 2025. Ex. 1: Complaint. The Complaint states one count of negligence, *id.* at ¶¶ 22-33, which allegedly arose at Detroit Metropolitan Airport ("DTW") on September 8, 2024. Ex. 1 at ¶23.

Plaintiff alleges she flew into DTW from Memphis, Tennessee on Delta Flight 5501 and due to her condition as "an incomplete quadriplegic since 2018, following the fracture of her neck from C2 through C7," she required assistance while traveling. *Id.* at ¶ 8 and 14. Plaintiff alleges that Prospect "sent agents to assist Plaintiff Favors in her transfer from her aircraft seat to an aisle chair." *Id.* at ¶14. Plaintiff alleges that during the transfer that she "completely fell out of the chair and onto the floor." *Id.* at ¶ 20. *Id.* at ¶ 28. For her claim of negligence (Count I), Plaintiff accuses Delta, Endeavor, and Prospect of failing to maintain equipment and failing to provide adequate transfer assistance.

Plaintiff claims to have suffered "an exacerbation of her spinal cord injury; hospitalization for an excess of two (2) moths, a significant amount which in the ICU; several surgical procedures; removal of baclofen pump; neurological complications; contracted right foot, due to increase of spasms, leading to right foot drop requiring

Plaintiff to wear an Ankle-Foot Orthoses (AFO); Bruising and swelling; Pain and suffering; Fright and shock; Emotional distress; Embarrassment,  humiliation, mortification; Loss of social pleasure and enjoyment; Future medical treatment; medical expenses and future medical expenses; lost wages and future lost wages; and, other damages and injuries to be determined through discovery." *Id.* at ¶ 31.

## II.    DIVERSITY JURISDICTION

29 U.S.C. § 1441(a) authorizes removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." The Court has original jurisdiction pursuant to 28 U.S.C. §1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, between citizens of different states. *See* 28 U.S.C. §1332(a)(1). Diversity jurisdiction provides the basis for removal of the State Court Action to the Court.

### A.    More Likely Than Not, Plaintiff Seeks Damages Exceeding The Jurisdictional Amount

"A federal district court has original 'diversity' jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing 28 U.S.C. § 1332(a)). The removing party has the burden of establishing the amount-in-controversy for diversity jurisdiction. *Id.* Where a

complaint claims an unspecified amount in damages, a defendant seeking removal under diversity jurisdiction must demonstrate that the amount-in-controversy more likely than not exceeds $75,000. *Rogers*, 230 F.3d at 871.

Plaintiff's complaint pleads an unspecified amount of damages. The amount in controversy Plaintiff seeks is, more likely than not, above $75,000. First, she acknowledges his damages exceed $25,000, *id.*, the jurisdictional threshold in the State Court Action. *Id.*; *see also Speck v. Cunningham*, No. 322466, 2015 WL 7368483, at *1 (Mich. Ct. App. Nov. 19, 2015) (citing Mich. Comp. Laws Ann. §§ 600.605 and 600.8301(1) for the jurisdictional minimum of more than $25,000 in Michigan circuit courts). Therefore, Plaintiff claims she has incurred and will incur much more than $25,000 in damages.

Second, Plaintiff alleges she has suffered severe and permanent physical injuries, along with over 2 months of in-patient treatment. *Id.* at ¶¶ 31. Plaintiff's alleged permanent injury alone more likely than not satisfies the amount-in-controversy requirement under 28 U.S.C. § 1332(a), to the extent Defendants are liable.

This Court has previously found that numerous bodily injuries, "combined with an open-ended request for an unspecified amount of damages," made it more likely than not that the amount in controversy exceeded $75,000. *Barber v. Zurich*

4

*American Ins. Co.*, 2015 WL 93530, at *2 (E.D. Mich. Jan. 7, 2015) (internal quotation marks omitted); *see also Brewer v. Schindler Elevator Corp.*, No. 16-13133, 2017 WL 676942, at *2 (E.D. Mich. Feb. 21, 2017) (same). To calculate the amount-in-controversy, aggregation of Plaintiff's claimed, diverse damages is appropriate because of the different classes or types of available damages he seeks. *Gurwin v. UBS Fin. Servs., Inc.*, No. 07-10323, 2007 WL 1218772, at *4 (E.D. Mich. Apr. 24, 2007). Plaintiff's claimed damages arise out of the same allegations of negligence against Delta and Prospect. However, each of Plaintiff's classes of damages arises from a distinct legal remedy to which he could be entitled under the law if he proves his case. *Id.* Because each of these types of damages has a different purpose, aggregating them is appropriate. *Id.*

Therefore, consistent with this Court's prior rulings, Prospect has shown by a preponderance of the evidence an amount in controversy well exceeding $75,000, which satisfies the federal diversity jurisdiction requirement under 28 U.S.C. § 1332(a).

### B.    Complete Diversity of Citizenship Exists

There is complete diversity of citizenship among the parties. Plaintiff is a Michigan resident. Ex. 1 at ¶ 1. Delta is incorporated in Delaware. *Id.* at ¶ 2. Endeavor is a wholly owned subsidiary of Delta. *Id.* at ¶ 3. Prospect was acquired by

Unifi Aviation LLC in April 2024 and continues to operate the Prospect brand. The sole member of Unifi is AirCo Aviation Services, LLC, a Delaware limited liability company. AirCo Aviation Services, LLC consists of three members: Delta Airlines, Inc., Argenbright Holdings IV, LLC and Scrub Holdings, Inc. Argenbright Holdings IV, LLC is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. Argenbright Holdings IV, LLC consists of a sole member, Argenbright Holdings V, LLC. The sole member of Argenbright Holdings V, LLC is Argenbright Master Holdings, LLC, which has its principal place of business in Georgia and which was formed under the laws of Delaware. The owners of Argenbright Master Holdings, LLC are Frank A. Argenbright, Jr, who owns approximately 86.4% of Argenbright Master Holdings, LLC, and two trusts, which own 13.6% of Argenbright Master Holding LLC. Frank A. Argenbright, Jr is a citizen of the state of Florida. The trusts were formed in the state of Nevada. Scrubs Holdings, Inc has its principal place of business in Atlanta, Georgia and was formed in the state of Illinois. Therefore, Unifi is a citizen of Delaware and Georgia, and potentially Illinois and Florida, for diversity purposes. See 28 U.S.C. §1332(c)(1) (a corporation is considered to be a citizen of the state in which it is incorporated and the state where it maintains its principal place of business). The diversity of citizenship requirement is therefore satisfied.

## II.    DEFENDANTS HAS FULFILLED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

### A.    Timeliness Of Removal

Plaintiff filed her complaint on May 22, 2025. Ex. 1. On August 26, 2025, Plaintiff served the complaint. Therefore, this notice of removal is timely, having been filed within thirty days from the service date of the complaint and within a year from the date this action was filed. *See* 28 U.S.C. §1446(b).

### B.    Venue Is Proper

Venue of this removed action is proper pursuant to 28 U.S.C. §1441(a) because the United States District Court for the Eastern District of Michigan, Southern Division, is the district court embracing Wayne County, the Michigan county in which the removed action was filed. *See* 28 U.S.C. §102(a)(1); E.D. Mich. L.R. 83.10(a) (assignment to the Southern Division).

### C.    Notice

Pursuant to 28 U.S.C. §1446(b), Defendants will promptly file written notice of this removal and a copy of the notice of removal with the Wayne County clerk of court and will serve a copy of the notice of removal on Plaintiff. Defendants will also file a copy of all additional papers in the state court record, if any, with the Court. By filing this notice of removal, Defendants do not waive, and hereby reserve, their right

to assert any and all objections and defenses to Plaintiff's complaint, including any alleged injuries and damages asserted or claimed.

### D.    Rule of Unanimity

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A)). This is the "rule of unanimity," which requires "all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Farnsworth v. Nationstar Mortgage, LLC*, 569 Fed. App'x 421, 424 (6th Cir. 2014).

Defendants are being jointly represented by the undersigned, each having consented to this removal.

## II.    CONCLUSION

This Court has original subject matter jurisdiction over this action based on diversity jurisdiction. 28 U.S.C. § 1332(a). Defendants respectfully remove the State Court Action to this Court pursuant to 28 U.S.C. §1441.

Respectfully submitted,

*/s/ Brad A. Danek*
Brad A. Danek (P72098)
**Brooks Wilkins Sharkey & Turco, PLLC**
401 S. Old Woodward Avenue, Suite 400
Birmingham, MI 48009
Ph: (248) 971-1800 Fax: (248) 971-1801
danek@bwst-law.com
Attorneys for Defendants

# EXHIBIT 1

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 25-007816-NO Hon.Muriel Hughes |
|---|---|---|

Court telephone no.: 313-224-2415

| **Plaintiff's name(s), address(es), and telephone no(s)** Favors, Shanta | v | **Defendant's name(s), address(es), and telephone no(s).** Delta Air Lines, Inc. |
|---|---|---|
| **Plaintiff's attorney, bar no., address, and telephone no** David R. Stechow 56052 2000 Town Center, Ste. 1900 Southfield, MI 48075 | | |

1959914
2 of 15

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☒ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

| SUMMONS |
|---|

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 5/22/2025 | Expiration date* 8/21/2025 | Court clerk Yolanda Payne |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01 (3/23)**      **SUMMONS**      MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105





Certified#: 921489027509101 4134877     DFID19605146     Matter-16901674

SUMMONS
Case No. : **25-007816-NO**

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons.  If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE OF SERVICE / NONSERVICE

1959914
3 of 15

☐ I served ☐ personally ☐ by registered or certified mail , return receipt requested, and delivery restricted to the addressee(copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff,deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of  perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with

_____  on  _____
Attachments (if any)                                                                    Date and time

_____ on behalf of _____ .

Signature

10, MCR 2.104, MCR 2.105

Certified#: 921489027509101414134877    DFID19605146    Matter-16901674

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>25-007816-NO<br>Hon.Muriel Hughes |
|---|---|---|

Court telephone no.: 313-224-2415

| Plaintiff's name(s), address(es), and telephone no(s)<br>Favors, Shanta | v | Defendant's name(s), address(es), and telephone no(s).<br>Endeavor Air, Inc. | 1959914<br>4 of 15 |
|---|---|---|---|

**Plaintiff's attorney, bar no., address, and telephone no**
David R. Stechow 56052
2000 Town Center, Ste. 1900
Southfield, MI 48075

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☒ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

| SUMMONS |
|---|

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>5/22/2025 | Expiration date*<br>8/21/2025 | Court clerk<br>Yolanda Payne |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01 (3/23)**          **SUMMONS**          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



M          l0, MCR 2.104, MCR 2.105

Certified#: 921489027509101413487          DFID19605146          Matter-16901674

**SUMMONS**

Case No. : **25-007816-NO**

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons.  If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE OF SERVICE / NONSERVICE

1959914
5 of 15

☐ I served ☐ personally ☐ by registered or certified mail , return receipt requested, and delivery restricted to the addressee(copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff,deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of  perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with

_____ on _____
Attachments (if any)                                                          Date and time

_____ on behalf of _____.

_____
Signature

M        10, MCR 2.104, MCR 2.105

Certified#: 921489027509101413877   DFID19605146   Matter-16901674

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 25-007816-NO Hon. Muriel Hughes |
|---|---|---|

Court telephone no.: 313-224-2415

| **Plaintiff's name(s), address(es), and telephone no(s)**<br>Favors, Shanta | v | **Defendant's name(s), address(es), and telephone no(s).**<br>Prospect Airport Services, Inc. | 1959914<br>6 of 15 |
|---|---|---|---|
| **Plaintiff's attorney, bar no., address, and telephone no**<br>David R. Stechow 56052<br>2000 Town Center, Ste. 1900<br>Southfield, MI 48075 | | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☒ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

| **SUMMONS** |
|---|

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>5/22/2025 | Expiration date*<br>8/21/2025 | Court clerk<br>Yolanda Payne |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01 (3/23)**          **SUMMONS**          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



M          I0, MCR 2.104, MCR 2.105

Certified#: 9214890275091014134877     DFID19605146     Matter-16901674

SUMMONS

Case No. : **25-007816-NO**

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons.  If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE OF SERVICE / NONSERVICE

195991▯
7 of 15

☐ I served ☐ personally ☐ by registered or certified mail , return receipt requested, and delivery restricted to the addressee(copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff,deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of  perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with

_____   on   _____

Attachments (if any)                                                                          Date and time

_____   on behalf of   _____.

Signature

_____

10, MCR 2.104, MCR 2.105

Certified#: 9214890275091014134877    DFID19605146    Matter-16901674

STATE OF MICHIGAN
3RD CIRCUIT COURT FOR THE COUNTY OF WAYNE

SHANTA FAVORS,

     Plaintiff,

v.

DELTA AIR LINES, INC.,
ENDEAVOR AIR INC., and
PROSPECT AIRPORT SERVICES, INC.,

     Defendants.

Case No: 25     NO
Hon.

_____/

**David R. Stechow P56052**
**MORGAN & MORGAN**
Attorneys for Plaintiff
2000 Town Center, Suite 1900
Southfield, Michigan 48075
(313) 739-1962; Fax (313) 739-1975
david.stechow@forthepeople.com
_____/

## **COMPLAINT**

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint. MCR 1.109(D)(2)(a)(i).

*/s/ David R. Stechow*

_____

David R. Stechow P56052

Plaintiff, Shanta Favors ("Favors"), by and through her attorneys, Morgan & Morgan, states as her Complaint against Defendants Delta Air Lines, Inc. ("Delta"), Endeavor Air Inc. ("Endeavor"), and Prospect Airport Services, Inc. ("Prospect"), as follows:

## **PARTIES**

1.     Plaintiff Favors is a resident of the City of Taylor, County of Wayne, State of Michigan.



2.      Defendant Delta is a foreign profit corporation, incorporated under the laws of the State of Delaware, and at all relevant times conducted business in the County of Wayne, State of Michigan.

3.      Defendant Endeavor is a foreign profit corporation, incorporated under the laws of the State of Georgia, and at all relevant times conducted business in the County of Wayne, State of Michigan.

4.      Defendant Prospect is a foreign profit corporation, incorporated under the laws of the State of Illinois, and at all relevant times conducted business in the County of Wayne, State of Michigan.

## JURISDICTION AND VENUE

5.      Venue exists in this Court because the cause of action arises from an incident that occurred on September 8, 2024, at Detroit Metropolitan Airport, in the County of Wayne, State of Michigan

6.      Jurisdiction exists in the Court because the amount in controversy is within the jurisdiction of this Court because Plaintiff claims damages in excess of $25,000.00.

## FACTUAL ALLEGATIONS

7.      Plaintiff hereby restates, realleges, and incorporates the paragraphs above, as though set forth and completely herein.

8.      Plaintiff Favors has been an incomplete quadriplegic since 2018, following the fracture of her neck from C2 through C7.

9.      Since becoming wheelchair bound, Plaintiff Favors has been an advocate pushing for better support for the disability community.

1959914
10 of 15

10.     Plaintiff Favors was crowned Ms. Wheelchair Michigan in 2024 and made use of her title as an advocate for the disability community.

11.     In August 2024 Plaintiff Favors competed in the Ms. Wheelchair America 2025 National Competition, which was a week-long competition that brought state titleholders together from across America to participate in leadership training, advocacy workshops, mentoring events, and the crowning of a champion.

12.     Just weeks after the National Competition, on September 8, 2024, Plaintiff Favors was on Delta flight 5501 from Memphis International Airport ("MEM") to Detroit Metropolitan Wayne County Airport ("DTW").

13.     Defendant Endeavor operated Flight 5501 from MEM to DTW on behalf of Defendant Delta.

14.     Upon arrival at DTW, Defendant Delta's wheelchair assistant business partner, Defendant Prospect, sent agents to assist Plaintiff Favors in her transfer from her aircraft seat to an aisle chair of Defendant Delta and/or Defendant Endeavor.

15.     Defendant Prospect's agents were advised that Plaintiff Favors was unable to assist in her own transfer.

16.     Defendant Prospect's agents were also instructed that Plaintiff Favors was paralyzed from the waist down and they needed to be careful moving her legs.

17.     Defendant Prospect's agents attempted to utilize a two person transfer technique to transfer Plaintiff Favors into the aisle chair.

18.     After Defendant Prospect's agents transferred Plaintiff Favors to the aisle chair they began to attach the seat belts to stabilize Plaintiff in the chair.

1959914
11 of 15

19.      Defendant Prospect's agents secured the seatbelt diagonally across Plaintiff Favors' chest but were unable to secure the seatbelt across her upper legs/waist. A third seatbelt to be attached across Plaintiff's ankles was broken and not attached. Therefore, Defendant Prospect's agents utilized an aisle chair with only one functioning seatbelt.

20.      As Defendant Prospect's agents began to move the aisle chair toward the aircraft's exit, Plaintiff Favors fell completely out of the chair and onto the floor.

21.      Through no fault of her own, Plaintiff Favors sustained serious and permanent injuries by the actions by Defendants.

## COUNT I - NEGLIGENCE

22.      Plaintiff hereby restates, realleges, and incorporates the paragraphs above, as though set forth fully and completely herein.

23.      On September 8, 2024, Plaintiff Favors was a passenger on Delta Flight 5501 from MEM to DTW.

24.      Defendants owed a duty to exercise the highest degree of care to ensure the safety of the passengers, and in particular Plaintiff Favors. This duty includes taking necessary precautions to prevent harm to passengers.

25.      Defendants owed a duty to exercise special care for passengers who are vulnerable, and in particular Plaintiff Favors. The level of care required is that which is reasonably necessary to protect such passengers in view of their condition.

26.      Defendants owed a duty to not act in a negligent manner, and to act prudently and with reasonable care for the protection of the passengers, and in particular for Plaintiff Favors.

27.     Defendants had a clear duty to provide a safe transfer process, particularly when made aware of Plaintiff's inability to assist in her transfer.

1959914
12 of 15

28.     Contrary to the duties owed to Plaintiff, Defendants breached those duties of care, amounting to negligence, through the following actions and omissions of action, including but not limited to the following ways:

    a.  Failing to maintain the equipment, and in particular the aisle chair, for safe use by the passengers, including Plaintiff;

    b.  Failing to provide and utilize equipment, and in particular the aisle chair, with proper functioning seatbelts to secure Plaintiff;

    c.  Failing to properly transfer Plaintiff from the aircraft seat;

    d.  Failing to properly secure Plaintiff to the aisle chair;

    e.  Failing to take reasonable measures to ensure safe transfer from the aircraft seat to Plaintiff's assistive device;

    f.  Permitting the equipment, and in particular the aisle chair, to remain in a dangerous and hazardous condition unsafe for ordinary use by neglecting and/or failing to properly inspect and/or maintain the equipment;

    g.  Negligently, carelessly and recklessly creating an unreasonably dangerous condition and significant risk of harm by virtue of the failure to provide safe equipment for the transfer of Plaintiff from the aircraft seat to Plaintiff's assistive device;

    h.  Failing to keep the equipment, and in particular the aisle chair in a safe condition;

    i.  Failing to warn the public and more particularly the Plaintiff, of the dangerous conditions, specifically the equipment, and in particular the aisle chair;

    j.  Failing to provide adequate supervision of agents, servants and/or employees who were responsible for the transfer of Plaintiff from the aircraft seat to Plaintiff's assistive device;

    k.  Failing to provide adequate training of agents, servants and/or employees who were responsible for the transfer of Plaintiff from the aircraft seat to Plaintiff's assistive device;

    l.  Other actions and/or omissions of action constituting negligence of which the Plaintiff is yet aware.

29.     Defendants' egregious lack of care, despite prior notifications of Plaintiff's medical condition, specifically her spinal cord injury and the resultant spasticity, amounts to a breach of the duties owed to Plaintiff.



Certified#: 921489027509101434877     DFID19605146     Matter-16901674

30.     As a direct and proximate result of the failure to take appropriate measures to facilitate a safe and secure transfer, and breach of Defendants' duties, Plaintiff Favors catastrophically fell and suffered serious and permanent injuries.

31.     As a direct and proximate result of the negligence of Defendants, Plaintiff suffered serious injuries and will continue to suffer for an indefinite time into the future: an exacerbation of her spinal cord injury; hospitalization for an excess of two (2) months, a significant amount which was in the ICU; several surgical procedures; removal of baclofen pump; neurological complications; contracted right foot, due to the increase of spasms, leading to right foot drop requiring Plaintiff to wear an Ankle-Foot Orthoses (AFO); Bruising and swelling; Pain and suffering; Fright and shock; Emotional distress; Embarrassment, humiliation, and mortification; Loss of social pleasures and enjoyment; Future medical treatment; Medical expenses and future medical expenses; lost wages and future lost wages; and, other damages and injuries to be determined through discovery.

32.     Defendants are responsible for the negligence of their agents, servants and/or employees by virtue of *respondeat superior*/vicarious liability.

33.     Plaintiff Favors was free from any acts of negligence and/or omissions contributing in whole or in part to said incident.

34.     Plaintiff Favors has suffered and continues to suffer the loss of enjoyment of life and is unable to perform in her normal daily activities she indulged in prior to the occurrence of this incident.

WHEREFORE, Plaintiff, Shanta Favors, respectfully requests that judgment be entered in her favor against Defendants Delta Air Lines, Inc., Endeavor Air Inc., and Prospect Airport Services, Inc.., for whatever amount in excess of $25,000.00 she is found to be entitled, as

determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for her injuries

and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained,

and any other relief that the Court deems just and proper.

1959914<br/>14 of 15

Respectfully submitted,


/s/ David R. Stechow

**David R. Stechow P56052**
MORGAN & MORGAN
Attorneys for Plaintiff
2000 Town Center, Suite 1900
Southfield, Michigan 48075
(313) 739-1962

Dated:   May 22, 2025



STATE OF MICHIGAN

3RD CIRCUIT COURT FOR THE COUNTY OF WAYNE

SHANTA FAVORS,

          Plaintiff,

v.

DELTA AIR LINES, INC.,
ENDEAVOR AIR INC., and
PROSPECT AIRPORT SERVICES, INC.,

          Defendants.

Case No: 25        NO
Hon.

_____/

**David R. Stechow P56052**
**MORGAN & MORGAN**
Attorneys for Plaintiff
2000 Town Center, Suite 1900
Southfield, Michigan 48075
(313) 739-1962; Fax (313) 739-1975
david.stechow@forthepeople.com

_____/

## **JURY DEMAND**

    Plaintiff, Shanta Favors, by and through her attorneys, Morgan & Morgan, hereby

respectfully demands a trial by jury on all the issues in this cause of action.

                Respectfully submitted,

                */s/ David R. Stechow*
                **David R. Stechow P56052**
                MORGAN & MORGAN
                Attorneys for Plaintiff
                2000 Town Center, Suite 1900
                Southfield, Michigan 48075
                (313) 739-1962

Dated:  May 22, 2025

195991-
15 of 15





CERTIFIED MAIL

Morgan & Morgan P.A.
P.O. Box: 530244
Atlanta, GA30353-0244

9214 8902 7509 1014 1348 77


CSC-LAWYERS INCORPORATING SERVICE
3410 BELLE CHASE WAY, SUITE 600
Lansing, MI 48911

quadient
07/24/2025
US POSTAGE
$010.29
FIRST-CLASS MAIL
IMI
ZIP 80120
041M11225 4662